UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, NEW YORK
------------------------------------------------------x

LYDIA BELLAHCENE,
KHALILAH DICKERSON,
RICHARD MCDONALD, a minor, by
his mother and natural guardian,
Charmaine Linwood AND JULIE
CAVANAGH

                   Plaintiffs,

           -against-

THE CITY OF NEW YORK

                 Defendant.
------------------------------------------------------x

**COMPLAINT**

CIVIL ACTION NO.

Plaintiffs Lydia Bellahcene, Khalilah Dickerson, Richard McDonald and

Julie Cavanagh, by their attorneys, Norman Siegel and Herbert Teitelbaum,

allege for their complaint as follows:

## Preliminary Statement

1.        This is a civil rights action brought to vindicate the plaintiffs' rights

under the First and Fourteenth Amendments of the Constitution of the United

States, the Civil Rights Act, 42 U.S.C Section 1983, and Article I, Sections 8, 9

and 11 of the New York State Constitution.  Plaintiffs Lydia Bellahcene, Khalilah

Dickerson, Richard McDonald and Julie Cavanagh's ("Plaintiffs") rights were and

continue to be violated because the New York Police Department

unconstitutionally and without any legal basis refuses to permit Plaintiffs  and

others' planned protest on the public sidewalk on which Mayor Michael

Bloomberg resides and conducts business.  The planned protest involves

Plaintiffs and others assembling at the southeast corner of 79th Street and Fifth Avenue, walking single file east to Madison Avenue, crossing the street to the northwest corner of 79th Street and Madison Avenue, walking single file west to the northeast corner of 79th Street and Fifth Avenue, crossing the street to the southeast corner of 79th Street and Fifth Avenue, and repeating the circle again and again, holding signs and chanting, while following all traffic rules. Plaintiffs wish to protest the Mayor's policy to foster the increase of "charter schools," a policy that is public in nature and the source of much public debate and disagreement. Plaintiffs, a parent of public school students, two public school students and a public school teacher, are directly affected by the Mayor's policy. Each has a significant interest in expressing his or her view to him as well as other officials through the planned protest the Defendants are illegally restricting.

2.        Plaintiffs seek preliminary and permanent injunctions enjoining Defendants from denying Plaintiffs their right to the planned protest on a public sidewalk.

## PARTIES

3.        Plaintiff LYDIA BELLAHCENE is the parent of three students at P.S 15 in Brooklyn, and is a resident of Brooklyn, New York.

4.        Plaintiff KHALILAH DICKERSON is a student William H. Maxwell High School, a Brooklyn public school, and is a resident of Brooklyn, New York.

5.        Plaintiff RICHARD MCDONALD is a student at William H. Maxwell High School, a Brooklyn public school. This lawsuit is brought by his

2

mother and natural guardian, Charmaine Linwood.  Plaintiff and his mother are both residents of Brooklyn, New York.

6.          Plaintiff JULIE CAVANAGH is a special education teacher at P.S 15 in Brooklyn, and is a resident of Brooklyn, New York.

7.          The Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  THE CITY OF NEW YORK is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

## JURISDICTION AND VENUE

8.          Jurisdiction is conferred upon this Court by 28 U.S.C §§ 1331, 1343 (3) and (4) and the aforementioned constitutional provisions.

9.          Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C § 1391(b) and because the claims arise in New York County .

10.        Supplemental jurisdiction for all state related claims is proper pursuant to 28 U.S.C § 1367 .

## STATEMENT OF FACTS

### An Issue of Public Concern Is At Stake

11.        Mayor Michael Bloomberg has declared he is a "strong supporter" for the increased use of charter schools as a means of improving New York City's educational system.

12.      New York City students, parents and educators have criticized both charter schools generally, and the process through which they have been foisted on communities to the detriment of local public schools.

13.      It is Plaintiffs' view and the views of others that charter schools have generally denied parents meaningful involvement in their children's school affairs, denied teachers the right to unionize, and often have worked to the detriment of the education of students.

14.      There are approximately twenty two schools currently slated to be closed, at least in part to make way for charter schools, including secondary schools with longstanding ties to the communities in which they are located, and ties to Plaintiffs and others.

15.      On January 26, 2010, the Panel for Educational Policy, a thirteen-member governing body within the New York City Department of Education established under Section 2590-b of the Education Law, and, upon information and belief, comprised of eight Mayor Bloomberg appointees, will conduct its formal vote on the schools being slated for closure.

16.      The expansion of charter schools is an issue of public concern, as is the closing of the twenty two schools before the Panel for Educational Policy.

**Plaintiffs' Right to Protest**

17.      Plaintiffs are members of a grassroots group of students, educators and parents who have organized to voice their opposition to Mayor Bloomberg's policy.

4

18.        Plaintiffs have requested, from the Patrol Borough Northern

Manhattan Police Department, the right to conduct the planned protest on

Thursday, January 21, 2010 for two hours, from 4:30pm to 6:30pm.

19.        Unlike previous New York City mayors, Mayor Bloomberg lives in a

five-story townhouse on the north side of East 79th street between Fifth Avenue

and Madison Avenue, rather than at Gracie Mansion.

20.        Mayor Bloomberg conducts business from his East 79th Street

townhouse such as political fundraisers, meetings with political leaders and

receptions for visiting dignitaries, as well as other business similar to business

previously conducted by his predecessors at Gracie Mansion.

21.        Upon information and belief, Mayor Bloomberg's townhouse is a

single occupancy building owned by him or an entity he controls.

22.        Plaintiffs intend to circle East 79th Street between Fifth Avenue and

Madison Avenue, single file, while holding signs and chanting.

23.        Plaintiffs, and upon information and belief, the other

demonstrators do not intend to use amplified sound, disobey traffic laws,

interfere with pedestrian traffic or in anyway jeopardize the safety of anyone,

including Mayor Bloomberg.

24.        When specifically asked to do so, the Patrol Borough Manhattan

North Police Department failed to provide Plaintiffs permission to conduct their

planned protest.

25.        When specifically asked to do so, the New York City Police

Department Legal Office failed to provide Plaintiffs permission to conduct their

planned protest.

26.         For many years, the policies of New York City mayors have been protested at their home at Gracie Mansion.

27.         There is a space adjacent to, and in plain view of Gracie Mansion that demonstrators have used in the past to conduct protests on matters of public concern.

28.         Demonstrations also have occurred in front of the private residences of public officials by demonstrators other than Plaintiffs, such as the residences of former Manhattan District Attorney Robert Morgenthau, upon information and belief, former New York City Fire Department Commissioner Nicholas Scoppetta and State Senator Carl Kruger.

29.         In the summer of 2003, the Police Department allowed residents protesting the closing of firehouses to demonstrate on the north side and south side of East 79th Street between Fifth Avenue and Madison Avenue in the same manner that Plaintiffs now request.

30.         Like others, Plaintiffs have the legal right to conduct the planned protest on January 21, 2010, from 4:30pm to 6:30pm.

## FIRST CLAIM FOR RELIEF

### (Violation of the First and Fourteenth Amendment to the
### United States Constitution)

31.         Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "30."

6

32.     The Defendant's actions were and are being committed under color of law.

33.     The Defendant is not permitting Plaintiffs the opportunity to peacefully express their opinions to the Mayor of New York City at his place of residence, where he also conducts business.

34.     The actions, polices and practices of Defendant violated and continue to violate Plaintiffs' right to peacefully protest under the First and Fourteenth Amendments to the Constitution of the United States.

35.     As a result of the continuation of the acts and practices alleged herein, plaintiffs will continue to be irreparably injured if theses acts and practices are not enjoined.

## SECOND CLAIM FOR RELIEF

## (Violation of Article I, Sections 8 and 9 of the New York State Constitution)

36.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "35."

37.     The actions, polices and practices of Defendant violated and continue to violate Plaintiffs' right to peacefully protest under Article I, Sections 8 and 9 of the New York State Constitution.

## THIRD CLAIM FOR RELIEF

## (Violation of Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)

38.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "37."

39.     Plaintiffs are being denied permission to conduct the planned protest on the north side and south side of East 79th Street between Fifth Avenue and Madison Avenue, even though in the summer of 2003, the Police Department allowed residents protesting the closing of firehouses to demonstrate on the north and south side of East 79th Street between Fifth Avenue and Madison Avenue.

40.     Other New York City public officials have been subject to protesters demonstrating outside of their homes, without the requirement that the protesters be restricted to demonstrating on the other side of the street.

41.     The actions, polices and practices of Defendant violated and continue to violate Plaintiffs' right to peacefully protest under the Equal Protection Clause of the Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1971, Title 42 U.S.C. Section 1983.

## FOURTH CLAIM FOR RELIEF

## (Violation of Equal Protection Clause of the New York State Constitution)

42.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "41."

43.     The actions, polices and practices of Defendant violated and continue to violate Plaintiffs' right to peacefully protest under Article I, Section 11 of the New York State Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

8

A.  That this Court enter a preliminary and permanent injunction prohibiting the Defendant from obstructing Plaintiffs' planned protest on January 21, 2010 from 4:30pm to 6:30pm.

B. That this Court issue a declaratory judgment that Defendant has violated the Plaintiffs' rights under the First and Fourteenth Amendments to the Constitution of the United States, and Article 1, Sections 8, 9 and 11 of the New York State Constitution.

C. That the Court order the Defendant to pay costs and reasonable attorneys' fees pursuant to 42 U.S.C Section 1988.

D. That the Court order any further relief the Court deems appropriate.

DATED:        January 12, 2010
              New York, New York

                                        Yours etc.,

                                        Norman Siegel (NS 6850)
                                        260 Madison Avenue
                                        New York, NY  10016
                                        212-532-7586


                                        Herbert Teitelbaum (HT 7762)
                                        260 Madison Avenue
                                        New York, NY  10016
                                        212-532-7586

                                        Attorneys for Plaintiffs